IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CAMDEN COUNTY, a political subdivision of the State of Georgia, by and through the Camden County Board of Commissioners,<br><br>    Plaintiff,<br><br>v.<br><br>UNION CARBIDE CORPORATION,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>2:22-CV-00077-LGW-BWC |

### RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Camden County, a political subdivision of the State of Georgia, by and through the Camden County Board of Commissioners ("Camden County" or "Plaintiff"), hereby responds to Defendant's Notice of Supplemental Authority (Doc. 54) as follows:

While Camden County disagrees with Union Carbide's characterization of the Georgia Supreme Court's decision in *Camden County v. Sweat*, S22A0837 (the "Opinion"), Camden County acknowledges that the Opinion is dispositive of its claims for breach of contract (Counts I and II) and breach of implied covenant

of good faith and fair dealing (Count III) in the Complaint.  Accordingly, Camden County is no longer pursuing these claims.[1]

The Opinion, however, does not dispose of Camden County's alternative claim for unjust enrichment (Count IV) and corresponding claim for attorneys' fees (Count V).  There exists no principle in law or in equity that would allow Union Carbide to retain **$2.64 million** in payments made by Camden County pursuant to an Option Agreement that lacks authorization and therefore is illegal.  To the contrary, Georgia law authorizes Camden County to recover these payments.  *Howard v. Brantley Cnty.*, 260 Ga. App. 330, 332 (2003) ("Where public funds are illegally paid out by county officials or by some agency of the county, it is proper for the county to bring suit for the recovery of same.").  At a minimum, the dispute about whether, and to what degree, Union Carbide has been unjustly enriched remains a factual issue for discovery and ultimately for a jury to determine.

For these reasons, as well as all those set forth in Camden County's Response to Union Carbide's Motion to Dismiss (Doc. 27), oral argument of counsel on January 17, 2023 (Doc. 46) and Camden County's Post-Hearing Brief

---

[1] Given the pendency of Defendant's Motion to Dismiss, which has been fully briefed by the Parties and argued before the Court, Camden County has not filed a motion to amend its Complaint under Fed. R. Civ. P. 15 to remove these claims to avoid any unnecessary re-filings or duplicative briefing.  That said, Camden County is certainly willing to file such a motion if the Court prefers that it do so.

(Doc. No. 48), Defendant's Motion to Dismiss as to these counts should be denied.

Respectfully submitted this 24th day of February 2023.

*/s/ Richard L. Robbins*
Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Jeremy U. Littlefield
Georgia Bar No. 141539
jlittlefield@robbinsfirm.com
(*Admitted Pro Hac Vice*)
Robbins Alloy Belinfante Littlefield LLC
500 14th St NW
Atlanta, Georgia 30318
Telephone: (678) 701-9381

John S. Myers
Georgia Bar No. 533150
John S. Myers, P.C.
P.O. Box 99
200 East Fourth Street
Woodbine, Georgia 31569
Phone (912) 510-8400
countyattorney@co.camden.ga.us

*Attorneys for Camden County*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I have served the foregoing **RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** on all parties by electronically filing it with the Clerk of the Court using the Court's electronic filing system.

This 24th day of February 2023.

*/s/ Richard L. Robbins*
Richard L. Robbins