# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| CAMDEN COUNTY,<br><br>    Plaintiff,<br><br>v.<br><br>UNION CARBIDE CORPORATION,<br><br>    Defendant. | 2:22-CV-77 |

### ORDER

Before the Court is Defendant Union Carbide Corporation's motion for judicial notice.  Dkt. No. 21.  After reviewing the briefs and holding a hearing, the Court **GRANTS** Defendant's motion.

Defendant requests that the Court take judicial notice of nine public records, including:

(1) A certified copy of the June 3, 2015 Camden County Board of Commissioners Special Called Meeting Minutes;

(2) Petition, <u>IN RE: Petition Pursuant to Georgia Constitution Article IX, Section II, Paragraph I(b)(2) for Special Election Concerning Camden County's Purchase Of Union Carbide Property</u>, Case No. 2021P271 (December 14, 2021);

(3) Order, IN RE: Petition Pursuant to Georgia Constitution Article IX, Section II, Paragraph I(b)(2) for Special Election Concerning Camden County's Purchase Of Union Carbide Property, Case No. 2021P271 (Feb. 8, 2022);

(4) Certified copy of the Letter from Probate Judge Robert C. Sweatt, Jr. to the Georgia Secretary of State certifying the results of the Camden County, Georgia March 8, 2022 Special Election;

(5) Caveat to Petition for Special Election, IN RE: Petition Pursuant to Georgia Constitution Article IX, Section II, Paragraph I (b)(2) for Special Election Concerning Camden County's Purchase Of Union Carbide Property, Case No. 2021P271 (Jan. 3, 2022);

(6) Order to Deny Caveat, IN RE: Petition Pursuant to Georgia Constitution Article IX, Section II, Paragraph I (b)(2) for Special Election Concerning Camden County's Purchase Of Union Carbide Property, Case No. 2021P271 (Feb. 8, 2022);

(7) Order, Camden County v. Judge Robert C. Sweatt, Jr., et al., Civil Action No. SUCV2022000161 (Mar. 4, 2022);

(8) Amended Notice of Appeal, Camden County v. Judge Robert C. Sweatt, Jr., et al., Civil Action No. SUCV2022000161 (March 18, 2022); and

>   (9)  Georgia Supreme Court Order in Camden County v. Sweatt, et al., Case No. S22M0759 (Mar. 10, 2022).

Dkt. No. 21 at 2-3.

Pursuant to Federal Rule of Evidence 201(b), a district court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because the facts: (1) are generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

However, judicial notice "may be taken only to establish what those documents contain, not the veracity of their contents." Navarro v. City of Riviera Beach, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016).  The categories of adjudicative facts falling within the ambit of Rule 201(b) include, for example, "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958," Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997), or the price of a particular stock on a particular day, La Grasta v. First Union Securities, Inc., 358 F.3d 840, 842 (11th Cir. 2004).

Relevant here, it is well established that courts may take judicial notice of public records, including filings in other lawsuits and county commission meeting minutes.  See Navarro, 192 F. Supp. 3d at 1364 ("[C]ourts may take judicial notice of public

3

records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" (quoting Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999))); see also Cash Inn of Dade, Inc. v. Metro Dade Cnty., 938 F.2d 1239, 1242-43 (11th Cir. 2013) (county commission meeting minutes); Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., 559 F. Supp. 3d 1345, 1364 (S.D. Ga. 2021) (taking judicial notice of prior filings in superior court); Universal Express, Inc. v. U.S. SEC, 177 F. App'x 52, 53 (11th Cir. 2006); Lee v. Select Portfolio Servicing, Inc., No. CV 2:19-140, 2020 WL 4505535, at *4 (S.D. Ga. Aug. 5, 2020) (same).

Moreover, courts considering a Rule 12(b) motion "may consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed." Navarro, 192 F. Supp. 3d at 1364. In this context, "undisputed" means "that the authenticity of the document is not challenged." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Burgest v. Bd. of Regents, No. 4:19-cv-335, 2021 WL 1187088, at *1 n.1 (S.D. Ga. Mar. 29, 2021).

As such, the Court **GRANTS** Defendant's request, dkt. no. 21, and takes judicial notice of these public records.

**SO ORDERED** this 8th day of March, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA