# THIRD AMENDMENT
# TO
# OPTION AGREEMENT

This Third Amendment to Option Agreement ("**Third Amendment**"), executed and effective on the last date listed below, with the Third Option being effective as of January 13, 2021, amends that certain Option Agreement ("**Original Option Agreement**") by and between **UNION CARBIDE CORPORATION**, a New York corporation (the "**Grantor**"), and **CAMDEN COUNTY**, a political subdivision of the State of Georgia by and through the Camden County Board of Commissioners (the "**Grantee**"), dated as of July 13, 2015, as heretofore amended by the First Amendment and Second Amendment (individually the "**First Amendment**" and "**Second Amendment**" and collectively with the Original Option Agreement, the "**Agreement**").

**WHEREAS**, the parties desire to amend the Agreement to provide for: (i) an option to extend the Option Term for an additional 12 months; (ii) an amendment to the definition of Retained Land; and (iii) subject to compliance with the option to purchase set forth in that instrument dated May 24, 1963, recorded in the office of the Clerk of Superior Court of Camden County, Georgia, in Deed Book 66, Page 407, if applicable, Grantor shall have an option for Grantor to conduct a timber harvest prior to Closing; and

**WHEREAS**, the parties agree that each one would materially benefit from more time in which to complete their respective obligations under the Agreement;

**NOW, THEREFORE**, in consideration of the premises and the mutual promises exchanged and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby mutually covenant and agree as follows:

1. **CONFLICTS**

In the event of a conflict between the terms and conditions of this Third Amendment and the Agreement, the terms and conditions of the Agreement shall prevail, except with respect to Sections 3, 4, 5, 6 and 7 below.

2. **DEFINITIONS**

All capitalized terms used in this Third Amendment not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

3. **OPTION PRICE/PAYMENT/EXERCISE**

Paragraph 2(A) of the Agreement is hereby deleted in its entirety and substituted with the following in lieu thereof:

"A.     **Option Period**

The Option Period commenced on July 13, 2015 and was for a period of two (2) calendar years (the "**Original Option Period**"). Pursuant to the First Amendment, the Original Option Period was extended for an additional two (2) years (*i.e.*, to July 13, 2019, the "**First Extension Period**") in exchange for payment by Grantee to Grantor of the sum of $960,000.00 (the "**First Extension Period Price**"). Pursuant to the Second Amendment, the Option Period was extended for an additional eighteen (18) months (*i.e.*, to January 13,

2021, the "**Second Extension Period**") in exchange for payment by Grantee to Grantor of the sum of $720,000.00 (the "**Second Extension Period Price**"), and shall expire the immediately following day, automatically and without need for notice by either party to the other; provided, however, that, Grantee may extend the Option Period for an additional twelve (12) months (*i.e.*, to January 13, 2022, the "**Third Extension Period**") on the same terms and conditions of the Option Period as provided herein (the "**Third Extension**"), at any time during the ninety (90) days immediately preceding expiration of the Second Extension Period, by giving written notice thereof to Grantor. If Grantee fails to duly exercise the Third Extension, then the Option Period shall expire the day immediately following the Second Extension Period, automatically and without need for notice by either party to the other.

The Original Option Period, First Extension Period, Second Extension Period, and Third Extension Period if exercised, are referred to herein collectively as the "**Option Period**." The First Extension Period, Second Extension Period, and Third Extension Period are referred to herein collectively as the "**Extension Period**." The First Extension Period Price and the Second Extension Period Price are referred to herein collectively as the "**Extension Period Price**."

4. **OPTION PRICE CREDIT**

Paragraph 2(D)(iii) of the Original Option Agreement is hereby deleted in its entirety and substituted with the following in lieu thereof:

"(iii)  The following shall be available as a credit against the Purchase Price of the Property to be taken at Closing hereunder: (a)  Six Hundred Sixty Thousand Dollars and No Cents ($666,000.00) of the original Option toward the Purchase Price; (b) the First Extension Period Price in the amount of Nine Hundred Sixty Thousand Dollars and No Cents ($960,000.00); and (c) Four Hundred Ninety Five Thousand Dollars and No Cents ($495,000.00) of the Second Extension Period Price, for a total credit of Two Million One Hundred Fifteen Thousand Dollars and No Cents ($2,115,000.00) toward the Purchase Price."

5. **RETAINED LAND**

The fifth **WHEREAS** Clause on page 1 of the Agreement is hereby deleted in its entirety and substituted with the following in lieu thereof:

"**WHEREAS**, Grantor's groundwater treatment system, including pipes, sparging equipment, and monitoring wells associated with the Landfill, comprises about 58.16 acres, more or less (collectively, the "**Treatment System**") and is located under and adjacent to the Landfill in a buffer area, which, together with the Landfill and SWMU 1A between the Landfill and the eastern border of the Property, comprises an aggregate area of about 159.2 acres, more or less (collectively, the "**Retained Land**"); and"

The first **WHEREAS** Clause on page 2 of the Agreement is hereby deleted in its entirety and substituted with the following in lieu thereof:

"**WHEREAS**, Grantor intends to subdivide the Site in order to exclude the Retained Land from any sale of the remainder of the Site (the "**Subdivision**"), such remainder, exclusive of the Retained Land, to comprise about 3852.34 acres, more or less (the "**Property**"); and"

6. **TIMBER HARVEST**

The paragraph directly under the heading for Section 5 on Page 13 of the Original Option Agreement is hereby amended as follows:

"**A.**   Throughout the Option Period, and at all times prior to Closing:"

New Section 5(B) is hereby added as follows:

"**B.**   Grantor shall have the right, subject to compliance with the option to purchase set forth in that instrument dated May 24, 1963, recorded in the office of the Clerk of Superior Court of Camden County, Georgia, in Deed Book 66, Page 407, if applicable, at its sole discretion, to conduct a timber harvest (the "**Timber Harvest**") on the Property and the Retained Land any time prior to Closing, and Grantor shall have the right to retain all proceeds from any such Timber Harvest."

7. **NOTICES**

Paragraph 8(B) of the Original Option Agreement, Paragraph 6 of the First Amendment, and Paragraph 5 of the Second Amendment are hereby amended to provide that any notices to the Grantor shall be provided to the following:

>    Irene Treter
>    Union Carbide Corporation
>    1320 Waldo Avenue, Suite 300
>    Midland, MI  48642

> and cc:   Amy Lee
>    Union Carbide Corporation
>    633 Washington Avenue
>    1803 Building
>    Midland, MI 48674

> and cc:   Joel Visser, Esq.
>    Union Carbide Corporation
>    Law Department – Environmental, Health & Safety
>    2030 Dow Center
>    Midland, MI  48474-2030

> and cc:   Douglas S. Arnold, Esq.
>    Alston & Bird LLP
>    1201 W. Peachtree Street
>    Atlanta, GA  30309-3424

8. **ENTIRE AGREEMENT**

The Agreement and the Third Amendment collectively contain the entire agreement of the parties, and hereby supersede all other agreements, whether written or oral, with respect to the subject matter hereof.

3

9. **CONTINUING AGREEMENT**

The Agreement is hereby ratified and confirmed, and all terms, covenants and conditions of the Agreement, as modified herein in Sections 3, 4, 5, 6 and 7, shall remain otherwise unchanged and in full force and effect in all respects, as modified.

[Signature Page Attached]

IN WITNESS WHEREOF, the parties have caused this Third Amendment to Option Agreement to be executed by their respective representatives, thereunto duly authorized, and effective as of the date and year indicated above.

**GRANTOR:**

**UNION CARBIDE CORPORATION,**
a New York corporation

By: _____
Irene Treter
Authorized Representative

Date: 10/27/2020

**GRANTEE:**

**CAMDEN COUNTY,**
a political subdivision of the State of Georgia, by and through the
Camden County Board of Commissioners

By: _____
James H. Starline
Chairman

Date: October 20, 2020

STATE OF MICHIGAN   )
COUNTY OF MIDLAND   )

Before me, a Notary Public in and for Midland County, Michigan, personally appeared Irene Treter, the Authorized Representative of Union Carbide Corporation, who acknowledged the execution of the foregoing Third Amendment to Option Agreement as "Grantor" thereunder. Witness my hand and Notarial Seal this 27 day of October, 2020.

_____
Notary Public
My commission expires: 3/10/24

STATE OF GEORGIA   )
COUNTY OF CAMDEN   )

Before me, a Notary Public in and for Camden County, Georgia, personally appeared James H. Starline, the Chairman of Camden County, who acknowledged the execution of the foregoing Third Amendment to Option Agreement as "Grantee" thereunder. Witness my hand and Notarial Seal this 20 day of October, 2020.

_____
Notary Public
My commission expires: March 5, 2024

KATHRYN ANNE BISHOP
Notary Public, Georgia
Camden County
My Commission Expires
March 05, 2024

5