# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

**W. Clay Massey**  Direct Dial: **404-881-4969**  Email: **clay.massey@alston.com**

July 7, 2022

VIA EMAIL AND UPS OVERNIGHT DELIVERY

Richard L. Robbins, Esq.
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, GA 30318
Email: robbins@robbinsfirm.com

Re:   Former Option Agreement dated July 13, 2015, as Amended (the "Option Agreement")

Dear Richard –

Thank you for your June 8, 2022, letter to Mr. Arnold. I write in response to your letter.

Union Carbide Corporation ("UCC") is not in default of the former Option Agreement. As Mr. Arnold reminded Camden County (the "County") in his May 16 letter to Chairman Blount, the County repudiated the Option Agreement months ago. The County did so by its residents' March 8, 2022, referendum vote to repeal the County Commission's resolutions authorizing the Option Agreement and the County's purchase of the Property under it (the "March 8 Referendum"). Consequently, there is no Option Agreement, and there was no Option Agreement when Chairman Blount sent his April 12, 2022, letter to Ms. Treter purporting to exercise an option under it to purchase the Property (the "April 12 Letter").

UCC held the Property under the Option Agreement for the County to decide whether to purchase it for a prospective commercial spaceport *for almost seven years*. In light of this latest event repealing the County's authority to purchase the Property under the Option Agreement, UCC will not hold the Property for that purpose any longer. Rather, UCC's goal is to dedicate the Property for conservation purposes.

The County nevertheless argues in your letter that the Option Agreement still exists, and demands that UCC engage in costly pre-closing undertakings and sell the Property to it within 90 days of the April 12 Letter (*i.e.*, by July 11, 2022, 4 days from now). The County makes two arguments for that claim and demand: (1) the Option Agreement once existed and was extended multiple times before the County repudiated it by the March 8 Referendum; and (2) the County is appealing its loss of litigation against its voters and its probate court who certified

Alston & Bird LLP                                                                                                   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

the March 8 Referendum in the hope of overturning the referendum. Neither argument makes the repudiated Option Agreement exist today for the County to force UCC's sale of the Property, or for UCC to be in default, as the County claims.

The County's first argument is difficult to understand. The Option Agreement *was* valid and authorized before the County repudiated it on March 8. Thus, during that time (before March 8), UCC abided by the Option Agreement and, in fact, granted the County multiple extensions of it for the County to address repeated delays in its efforts to obtain various approvals it needed for its prospective spaceport on the Property. By that Option Agreement and those extensions, UCC agreed to not list the Property for sale to anyone but the County *for almost seven years* beginning July 13, 2015, during one of the best real estate markets in recent history, with no guarantee that the County would ultimately purchase the Property. Indeed, Paragraph 4.B of the former Option Agreement gave the County the right to terminate the Option Agreement at any time. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[1]

With respect to the County's second argument, the County's pending litigation against its own residents and its own probate court that certified the March 8 Referendum vote in the Georgia Supreme Court in the hope of overturning the referendum does not make the Option Agreement exist. The present fact is that the County Commission's former resolutions authorizing the County's purchase of the Property under the former Option Agreement stand repealed by the March 8 Referendum. That result, which repudiated the Option Agreement, stands certified by the County's probate court pursuant to Art. IX, Sec. II, Par. I(b)(2) of the Georgia Constitution, and the County did not appeal that certification or the probate court's order validating the petition for the March 8 Referendum vote, pursuant to O.C.G.A. § 5-4-1, *et seq.* There is no court order declaring the March 8 Referendum invalid, and every collateral effort the County has made in the courts to invalidate it has failed.

Also, the County's present appeal in the Georgia Supreme Court (which, notably, is not an appeal of the probate court's validation or certification of the March 8 Referendum vote) will not be argued until August 23, 2022 (and decided months later), well after the July 11 date by which the County demands that UCC close on the sale of the Property. Moreover, the County's success in that case appears doubtful on the merits and procedurally, for the reasons stated in the Appellees' briefs. Regardless, that pending litigation between the County and its residents

---

[1] Paragraph 4.B of the former Option Agreement provides that the County's termination of the Option Agreement "shall not result in the return of the Option Price, which shall remain nonrefundable by Grantor."

Richard L. Robbins
July 7, 2022
Page 3

and probate court does not make the Option Agreement exist for the County to force UCC to sell it the Property and engage in the costly preclosing undertakings that the County demands.

Lastly, UCC cannot, and will not, further extend the deadlines under the former Option Agreement. UCC cannot extend the Option Agreement deadlines because the Option Agreement no longer exists as a result of the March 8 Referendum. Moreover, after almost seven years of holding the Property exclusively for the County to decide whether to purchase it for a prospective commercial spaceport, UCC will not agree to hold the Property for the County any longer, while the County fights its voters and probate court in pending litigation. The delays have been too many and too long. Indeed, the Federal Aviation Administration ("FAA"), which finally issued a license for the prospective spaceport on December 20, 2021, is now embroiled in litigation filed by homeowners and conservation groups seeking to invalidate that license because of the FAA's alleged violations of the National Environmental Policy Act, among other laws, in granting the license. This litigation will be protracted by any measure and seems certain not to be the last lawsuit filed in opposition to the prospective spaceport project.

UCC is not willing to forgo its desire to dedicate the Property for conservation purposes based on an Option Agreement the County has repudiated, to await the conclusion of County infighting with its voters and probate court, and to ultimately be at risk of the County remaining unable or unwilling to purchase the Property.

For these reasons, UCC is not in default, as the County claims. UCC wants to dedicate the Property for conservation purposes, as discussed above. And UCC will not sell the Property to the County under a former Option Agreement the County has repudiated.

Sincerely,

W. Clay Massey

cc:   Douglas S. Arnold, Esq. via email
      John S. Myers, Esq. via email
      Mr. Steve L. Howard via email
      Chairman Gary Blount via email
      Amy L. Edwards, Esq. via email
      Jeremy U. Littlefield, Esq. via email

This 27th day of July, 2022.

/s/ Richard L. Robbins
Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Jeremy U. Littlefield
Georgia Bar No. 141539
jlittlefield@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

John S. Myers
Georgia Bar No. 533150
John S. Myers, P.C.
P.O. Box 99
200 East Fourth Street
Woodbine, Georgia 31569
Phone (912) 510-8400
countyattorney@co.camden.ga.us

*Attorneys for Camden County*

-25-