APPEAL,CLOSED,DISCSTAY

# U.S. District Court
## Southern District of Georgia (Brunswick)
## CIVIL DOCKET FOR CASE #: 2:22−cv−00077−LGW−BWC

| | |
|---|---|
| Camden County v. Union Carbide Corporation | Date Filed: 08/19/2022 |
| Assigned to: Judge Lisa G. Wood | Date Terminated: 10/16/2023 |
| Referred to: Magistrate Judge Benjamin W. Cheesbro | Jury Demand: Plaintiff |
| Case in other court:  Superior Court of Camden County, Georgia, SUCV2022000577 | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |
| Cause: 28:1446 Notice of Removal | |

**Plaintiff**

**Camden County**
*a political subdivision of the State of Georgia, by and through the Camden County Board of Commissioners*
*TERMINATED: 10/16/2023*

represented by **Jeremy U. Littlefield**
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.E.
Atlanta, GA 30318
678−701−9381
Fax: 404−856−3255
Email: jlittlefield@robbinsfirm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian Edward Lake**
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.E.
Atlanta, GA 30318
678−701−9381
Fax: 404−856−3255
Email: blake@robbinsfirm.com
*TERMINATED: 05/01/2023*
*ATTORNEY TO BE NOTICED*

**Richard L. Robbins**
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.E.
Atlanta, GA 30318
678−701−9381
Fax: 404−856−3250
Email: rrobbins@robbinsfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Union Carbide Corporation**
*TERMINATED: 10/16/2023*

represented by **Douglas S. Arnold**
Alston & Bird, LLP
One Atlantic Center

1201 W. Peachtree St.
Atlanta, GA 30309–3424
404–881–7000
Email: doug.arnold@alston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James A. Bishop , Sr.**
The Bishop Law Firm
465 Sea Island Road
St. Simons Island, GA 31522
912–264–2390
Fax: 912–264–5859
Email: jbishop@bishopfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon N. Vreeland**
Alston and Bird
1201 W Peachtree St
Ste Unit 746
Atlanta, GA 30308
913–206–7865
Email: shannon.vreeland@alston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**W. Clay Massey**
Alston & Bird, LLP – ATL
One Atlantic Center
1201 W. Peachtree St.
Atlanta, GA 30309–3424
404–881–7000
Fax: 404–881–7777
Email: clay.massey@alston.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/19/2022 | 1 | | NOTICE OF REMOVAL from Superior Court of Camden County, State of Georgia, case number SUCV2022000577, filed by Uniion Carbide Corporation. (Attachments: # 1 Exhibit 1 – Complaint, # 2 Exhibit 2 – Plaintiff's Motion to File Compalint Under Seal, # 3 Exhibit 3 – Summons, # 4 Exhibit 4 – Case Filing Information Form, and # 5 Exhibit 5 – Acknowledgment of Service.) (jlh) (Additional attachment(s) added on 8/19/2022: # 6 Civil Cover Sheet) (jlh). (Entered: 08/19/2022) |
| 08/19/2022 | 2 | | |

| | | | |
|---|---|---|---|
| | | | Removal NOTICE to All Counsel of Record. (Set/Reset Deadlines: Compliance due by 9/2/2022.) (jlh) (Entered: 08/19/2022) |
| 08/19/2022 | 3 | | RULE 26(f) ORDER. Signed by Magistrate Judge Benjamin W. Cheesbro on 08/19/2022. (jlh) (Entered: 08/19/2022) |
| 08/19/2022 | | | Set/Reset Deadlines: Union Carbide Corporation answer due 8/26/2022. (jlh) Modified on 4/28/2023 (kjm). (Entered: 08/19/2022) |
| 08/22/2022 | 4 | | Consent MOTION for Extension of Time to File Answer re 1 Notice of Removal, by Uniion Carbide Corporation. Responses due by 9/5/2022. (Attachments: # 1 Exhibit Acknowledgment of Service and Extension of Time, # 2 Text of Proposed Order Proposed Order)(Bishop, James). ***ENTERED IN ERROR**Added MOTION to Seal on 8/22/2022 (thb). Modified on 8/22/2022 (thb). Modified on 9/22/2022 to correct terminated date (kjm). (Entered: 08/22/2022) |
| 08/22/2022 | 5 | | MOTION for Leave to Appear Pro Hac Vice *of W. Clay Massey* Fee Amount $200, by Uniion Carbide Corporation. Responses due by 9/5/2022. (Attachments: # 1 Exhibit List of Prior Cases, # 2 Exhibit Certificate of Good Standing)(Bishop, James) (Entered: 08/22/2022) |
| 08/22/2022 | 6 | | MOTION for Leave to Appear Pro Hac Vice *of Douglas S. Arnold* Fee Amount $200, by Uniion Carbide Corporation. Responses due by 9/5/2022. (Attachments: # 1 Exhibit List of Prior Cases, # 2 Exhibit Certificate of Good Standing)(Bishop, James) (Entered: 08/22/2022) |
| 08/22/2022 | 7 | | MOTION for Leave to Appear Pro Hac Vice *of Shannon N. Vreeland* Fee Amount $200, by Uniion Carbide Corporation. Responses due by 9/5/2022. (Attachments: # 1 Exhibit List of Prior Cases, # 2 Exhibit Certificate of Good Standing)(Bishop, James) (Entered: 08/22/2022) |
| 08/22/2022 | | | MOTIONS REFERRED: 4 Consent MOTION for Extension of Time to File Answer re 1 Notice of Removal. (thb) (Entered: 08/22/2022) |
| 08/22/2022 | 8 | | NOTICE of Filing Deficiency re 6 MOTION for Leave to Appear Pro Hac Vice *of Douglas S. Arnold,* 7 MOTION for Leave to Appear Pro Hac Vice of Shannon N. Vreeland, 5 MOTION for Leave to Appear Pro Hac Vice of W. Clay Massey. After 14 days a notice of noncompliance will be submitted to a judicial officer for possible sanctions, to include dismissal. Compliance due by 9/5/2022. (thb) (Entered: 08/22/2022) |
| 08/22/2022 | | | Filing fee: $ 402.00, receipt number 400000001. (jrb) (Entered: 08/22/2022) |
| 08/22/2022 | 9 | | NOTICE of Appearance by Richard L. Robbins on behalf of Camden County (Robbins, Richard) (Entered: 08/22/2022) |
| 08/22/2022 | 10 | | NOTICE of Filing by Union Carbide Corporation re 6 MOTION for Leave to Appear Pro Hac Vice *of Douglas S. Arnold* Fee Amount $200,, 7 MOTION for Leave to Appear Pro Hac Vice *of Shannon N. Vreeland* Fee Amount $200,, 5 MOTION for Leave to Appear Pro Hac Vice *of W. Clay Massey* Fee Amount $200, *Notice of Filing Signed Applications* (Attachments: # 1 Supplement Fully signed application, # 2 Supplement Fully signed application, # 3 Supplement Fully signed application)(Bishop, James) (Entered: 08/22/2022) |
| 08/22/2022 | | | |

| | | | |
|---|---|---|---|
| | | | PRO HAC VICE PAID by James A. Bishop, Sr for Union Carbide Corporation; Amount 600.00 Receipt # 400000005 Date: 8/22/22 for attorneys W. Clay Massey, Douglas Arnold, and Shannon Vreeland. (wwp) (Entered: 08/22/2022) |
| 08/23/2022 | 11 | | TEXT ORDER granting 4 Defendant's Consent Motion for Extension of Time to Respond to Complaint and Motion to File Complaint Under Seal. Defendant shall file its desired response to the Complaint and motion to file under seal on or before September 27, 2022. Signed by Magistrate Judge Benjamin W. Cheesbro on August 23, 2022. (edd) (Entered: 08/23/2022) |
| 08/23/2022 | | | MOTIONS REFERRED: 6 MOTION for Leave to Appear Pro Hac Vice *of Douglas S. Arnold,* 7 MOTION for Leave to Appear Pro Hac Vice *of Shannon N. Vreeland,* 5 MOTION for Leave to Appear Pro Hac Vice *of W. Clay Massey,* 10 Notice of Filing Signed Applications. PRO HAC VICE PAID by James A. Bishop, Sr for Union Carbide Corporation; Amount 600.00 Receipt # 400000005 Date: 8/22/22 for attorneys W. Clay Massey, Douglas Arnold, and Shannon Vreeland. (thb) (Entered: 08/23/2022) |
| 08/26/2022 | 12 | | TEXT ORDER granting 5 Motion for Leave to Appear Pro Hac Vice by W. Clay Massey. James Bishop has entered an appearance in this case and vouches he will satisfy the obligations of local counsel, as this Court's Local Rule 83.4 requires. Signed by Magistrate Judge Benjamin W. Cheesbro on August 26, 2022. (edd) (Entered: 08/26/2022) |
| 08/26/2022 | 13 | | TEXT ORDER granting 6 Motion for Leave to Appear Pro Hac Vice by Douglas Arnold. James Bishop has entered an appearance in this case and vouches he will satisfy the obligations of local counsel, as this Court's Local Rule 83.4 requires. Signed by Magistrate Judge Benjamin W. Cheesbro on August 26, 2022. (edd) (Entered: 08/26/2022) |
| 08/26/2022 | 14 | | TEXT ORDER granting 7 Motion for Leave to Appear Pro Hac Vice by Shannon Vreeland. James Bishop has entered an appearance in this case and vouches he will satisfy the obligations of local counsel, as this Court's Local Rule 83.4 requires. Signed by Magistrate Judge Benjamin W. Cheesbro on August 26, 2022. (edd) (Entered: 08/26/2022) |
| 08/26/2022 | 15 | | ***FILED IN ERROR. Modified on 8/26/2022 (gmh). (Entered: 08/26/2022) |
| 08/26/2022 | 16 | | MOTION for Leave of Absence as to Camden County for dates of : October 10, 11, 12, 13, 14, 2022 and November 1, 2 and 3, 2022 by Camden County. Responses due by 9/9/2022. (Robbins, Richard) (Entered: 08/26/2022) |
| 08/29/2022 | | | MOTIONS REFERRED: 16 MOTION for Leave of Absence as to Camden County (slt) (Entered: 08/29/2022) |
| 08/31/2022 | 17 | | TEXT ORDER granting 16 Motion for Leave of Absence by Richard Robbins for the dates of: October 10, 2022 through and including October 14, 2022; and November 1, 2022 through and including November 3, 2022. Signed by Magistrate Judge Benjamin W. Cheesbro on August 31, 2022. (edd) (Entered: 08/31/2022) |
| 09/27/2022 | 18 | | MOTION to Dismiss by Union Carbide Corporation. Responses due by 10/11/2022. (Attachments: # 1 Exhibit Minutes, # 2 Exhibit Option Agreement, # 3 Exhibit Referendum Petition, # 4 Exhibit Referendum Order, # 5 Exhibit Referendum Certification, # 6 Exhibit Caveat to Petition, # 7 Exhibit Order to |

| | | |
|---|---|---|
| | | Deny Caveat, # 8 Exhibit Order Denying Petition, # 9 Exhibit Notice of Appeal, # 10 Exhibit GA Supreme Ct Order)(Bishop, James) (Entered: 09/27/2022) |
| 09/27/2022 | 19 | RESPONSE in Opposition re 4 Consent MOTION for Extension of Time to File Answer re 1 Notice of Removal, MOTION to Seal filed by Union Carbide Corporation. (Bishop, James) (Entered: 09/27/2022) |
| 09/27/2022 | 20 | MOTION Request for Hearing/Oral Argument re 18 MOTION to Dismiss by Union Carbide Corporation. Responses due by 10/11/2022. (Bishop, James) Modified on 9/28/2022 (thb). (Entered: 09/27/2022) |
| 09/27/2022 | 21 | MOTION for Judicial Notice by Union Carbide Corporation. Responses due by 10/11/2022. (Attachments: # 1 Exhibit Minutes, # 2 Exhibit Referendum Petition, # 3 Exhibit Referendum Order, # 4 Exhibit Referendum Certification, # 5 Exhibit Caveat to Petition, # 6 Exhibit Order to Deny Caveat, # 7 Exhibit Order Denying Petition, # 8 Exhibit Notice of Appeal, # 9 Exhibit GA Supreme Ct Order)(Bishop, James) (Entered: 09/27/2022) |
| 09/27/2022 | 22 | Corporate Disclosure Statement by Union Carbide Corporation identifying The Dow Chemical Company as Corporate Parent.. (Bishop, James) (Entered: 09/27/2022) |
| 09/28/2022 | 23 | NOTICE of Appearance by Brian Edward Lake on behalf of Camden County (Lake, Brian) (Entered: 09/28/2022) |
| 09/30/2022 | 24 | Consent MOTION for Extension of Time to respond to Defendant Union Carbide Corporations Motion to Dismiss (Doc. No. 18 ); Response in Opposition to Plaintiffs Motion to File Complaint Under Seal (Doc. No. 19 ); and Motion for Judicial Notice (Doc. No. 21 ) , by Camden County. Responses due by 10/14/2022. (Attachments: # 1 Text of Proposed Order Proposed Order)(Robbins, Richard) Modified on 9/30/2022 (JH). (Entered: 09/30/2022) |
| 10/05/2022 | 25 | ORDER granting re 24 Consent MOTION for Extension of Time to respond to Defendant Union Carbide Corporation's motions. Plaintiff shall have through November 1, 2022 to file any responses to Defendant's Motions. Signed by Judge Lisa G. Wood on 10/5/22. (loh) (Entered: 10/05/2022) |
| 10/05/2022 | | Set/Reset Deadlines as to 21 MOTION for Judicial Notice, 18 MOTION to Dismiss. Responses due by 11/1/2022. (loh) (Entered: 10/05/2022) |
| 10/05/2022 | | Set/Reset Deadlines: Reply as to 19 RESPONSE in Opposition due by 11/1/2022. (loh) (Entered: 10/05/2022) |
| 11/01/2022 | 26 | RESPONSE in Opposition re 21 MOTION for Judicial Notice filed by Camden County. (Robbins, Richard) (Entered: 11/01/2022) |
| 11/01/2022 | 27 | RESPONSE in Opposition re 18 MOTION to Dismiss filed by Camden County. (Robbins, Richard) (Entered: 11/01/2022) |
| 11/03/2022 | 28 | NOTICE of Filing by Union Carbide Corporation re 27 Response in Opposition to Motion *to Defendant's Motion to Dismiss* (Bishop, James) (Entered: 11/03/2022) |
| 11/04/2022 | 29 | NOTICE of Filing by Union Carbide Corporation re 26 Response in Opposition to Motion *for Judicial Notice* (Bishop, James) (Entered: 11/04/2022) |
| 11/07/2022 | 30 | |

| | | | |
|---|---|---|---|
| | | | Consent MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss , 21 MOTION for Judicial Notice *in connection to Plaintiff's Responses to same* by Union Carbide Corporation. Responses due by 11/21/2022. (Bishop, James) (Entered: 11/07/2022) |
| 11/07/2022 | 31 | | MOTION for Leave of Absence as to Camden County for dates of : November 21, 2022; November 22, 2022; November 23, 2022; November 24, 2022 and November 25, 2022 by Camden County. Responses due by 11/21/2022. (Robbins, Richard) (Entered: 11/07/2022) |
| 11/07/2022 | | | MOTIONS REFERRED: 31 MOTION for Leave of Absence as to Camden County for dates of: November 21, 2022; November 22, 2022; November 23, 2022; November 24, 2022 and November 25, 2022. (csr) (Entered: 11/08/2022) |
| 11/08/2022 | | | MOTIONS REFERRED: 30 Consent MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss , 21 MOTION for Judicial Notice *in connection to Plaintiff's Responses to same* (slt) (Entered: 11/08/2022) |
| 11/09/2022 | 32 | | TEXT ORDER granting 30 Defendant's Consent Motion for Extension of Time to File Replies. Defendant shall file its desired replies to the responses to its motion to dismiss and motion for judicial notice on or before November 29, 2022. The Court directs the Clerk of Court to extend these deadlines on the record and docket of this case. Signed by Magistrate Judge Benjamin W. Cheesbro on November 9, 2022. (edd) (Entered: 11/09/2022) |
| 11/09/2022 | 33 | | TEXT ORDER granting 31 the Motion for Leave of Absence by Richard Robbins for the dates of November 21, 2022 through and including November 25, 2022. Signed by Magistrate Judge Benjamin W. Cheesbro on November 9, 2022. (edd) (Entered: 11/09/2022) |
| 11/09/2022 | | | Set/Reset Deadlines as to 21 MOTION for Judicial Notice, 18 MOTION to Dismiss. Replies due by 11/29/2022. (csr) (Entered: 11/09/2022) |
| 11/29/2022 | 34 | | REPLY re 18 MOTION to Dismiss *Defendant Union Carbide Corporation's Reply Brief in Further Support of Its Motion to Dismiss* filed by Union Carbide Corporation. (Bishop, James) Modified on 11/29/2022 (jlh). (Entered: 11/29/2022) |
| 11/29/2022 | 35 | | REPLY to Response to Motion re 21 MOTION for Judicial Notice *Defendant Union Carbide Corporation's Reply Brief in Further Support of its Motion for Judicial Notice* filed by Union Carbide Corporation. (Bishop, James) (Entered: 11/29/2022) |
| 11/30/2022 | 36 | | ORDER TO SHOW CAUSE. The Court ORDERS the parties to show cause, in writing, within 21 days of this Order why this cause of action should not be dismissed due to the parties' failure to follow a Court Order. In the alternative, the Court once again ORDERS the parties to confer under Rule 26(f) within 14 days of this Order and submit a Rule 26(f) report within 7 days of their Rule 26(f) conference. Show Cause Response due by 12/21/2022. Signed by Magistrate Judge Benjamin W. Cheesbro on 11/30/22. (loh) (Entered: 11/30/2022) |
| 12/05/2022 | | | NOTICE of Hearing on Motion 21 MOTION for Judicial Notice , 18 MOTION to Dismiss : Motion Hearing set for 1/17/2023 02:00 PM in Brunswick – |

| | | | |
|---|---|---|---|
| | | | Courtroom No. 1 – before Judge Lisa G. Wood. (WS) (Entered: 12/05/2022) |
| 12/14/2022 | | | TEXT ORDER granting 20 Motion for Hearing. Motion hearing set for 01/17/2023 at 2:00 pm. Signed by Judge Lisa G. Wood on 12/14/2022. (WS) (Entered: 12/14/2022) |
| 12/15/2022 | 37 | | REPORT of Rule 26(f) Planning Meeting. (Lake, Brian) (Entered: 12/15/2022) |
| 12/16/2022 | | | MOTIONS REFERRED: 37 REPORT of Rule 26(f) Planning Meeting. (thb) (Entered: 12/16/2022) |
| 12/27/2022 | 38 | | Joint MOTION to Stay *Discovery* by Union Carbide Corporation. Responses due by 1/10/2023. (Attachments: # 1 Text of Proposed Order Proposed Order)(Vreeland, Shannon) (Entered: 12/27/2022) |
| 12/27/2022 | | | MOTIONS REFERRED: 38 Joint MOTION to Stay Discovery. (csr) (Entered: 12/27/2022) |
| 01/03/2023 | 39 | | ORDER granting 38 Motion to Stay Discovery. The Court DIRECTS the parties to confer within 14 days of a ruling on the motion to dismiss and, if the case remains pending, the parties must file another Rule 26(f) report 7 days after their conference. Signed by Magistrate Judge Benjamin W. Cheesbro on January 3, 2023. (jrb) (Entered: 01/03/2023) |
| 01/05/2023 | 40 | | MOTION for Leave to Appear Pro Hac Vice *for Jeremy Littlefield* Receipt Number AGASDC–3498284, Fee Amount $200, by Camden County. Responses due by 1/19/2023. (Attachments: # 1 Text of Proposed Order Proposed Order of Admission)(Lake, Brian) (Entered: 01/05/2023) |
| 01/05/2023 | 41 | | NOTICE of Filing Deficiency re 40 MOTION for Leave to Appear Pro Hac Vice for Jeremy Littlefield. After 14 days a notice of noncompliance will be submitted to a judicial officer for possible sanctions, to include dismissal. Compliance due by 1/19/2023. (thb) (Entered: 01/05/2023) |
| 01/09/2023 | 42 | | NOTICE of Filing by Camden County re 40 MOTION for Leave to Appear Pro Hac Vice *for Jeremy Littlefield* Receipt Number AGASDC–3498284, Fee Amount $200,, 41 Notice of Filing,, Set/Reset Deadlines, (Attachments: # 1 Exhibit Certificate of Good Standing for Jeremy U. Littlefield, # 2 Exhibit Letter of Compliance from Jeremy U. Littlefield)(Lake, Brian) (Entered: 01/09/2023) |
| 01/09/2023 | | | MOTIONS REFERRED: 40 MOTION for Leave to Appear Pro Hac Vice for Jeremy Littlefield Receipt Number AGASDC–3498284, Fee Amount $200. (csr) (Entered: 01/09/2023) |
| 01/11/2023 | 43 | | TEXT ORDER granting 40 MOTION for Leave to Appear Pro Hac Vice by Jeremy Littlefield. Brian Lake has entered an appearance in this case and vouches he will satisfy the obligations of local counsel, as this Court's Local Rule 83.4 requires. Signed by Magistrate Judge Benjamin W. Cheesbro on January 11, 2023. (edd) (Entered: 01/11/2023) |
| 01/12/2023 | 44 | | MOTION to Seal by Camden County. Responses due by 1/26/2023. (Attachments: # 1 Exhibit Plaintiff's original Motion to File Complaint Under Seal, # 2 Text of Proposed Order Proposed Order)(Robbins, Richard) (Entered: 01/12/2023) |

| 01/17/2023 | 46 | | Minute Entry for proceedings held before Judge Lisa G. Wood: Motion Hearing held on 1/17/2023 re 18 MOTION to Dismiss filed by Union Carbide Corporation, 21 MOTION for Judicial Notice filed by Union Carbide Corporation. (Court Reporter Debbie Gilbert.) (WS) (Entered: 01/18/2023) |
|---|---|---|---|
| 01/18/2023 | 45 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 01/17/2023, before Judge Lisa Godbey Wood. Court Reporter/Transcriber Debbie Gilbert, Telephone number (912) 262–2608. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. (Transcript Redaction Policy Issued or Click here to view Transcript Redaction Policy) Redaction Request due 2/8/2023. Redacted Transcript Deadline set for 2/21/2023. Release of Transcript Restriction set for 4/18/2023. (Gilbert, Debra) (Entered: 01/18/2023) |
| 01/24/2023 | 47 | | Brief in Support re 18 MOTION to Dismiss filed by Union Carbide Corporation. (Vreeland, Shannon) (Entered: 01/24/2023) |
| 01/24/2023 | 48 | | BRIEF re 18 MOTION to Dismiss by Camden County. (Robbins, Richard) (Entered: 01/24/2023) |
| 01/24/2023 | 49 | | Consent MOTION for Extension of Time to Submit Supplemental Brief *in Support of Plaintiff's Motion to Seal*, by Camden County. Responses due by 2/7/2023. (Attachments: # 1 Text of Proposed Order)(Lake, Brian) (Entered: 01/24/2023) |
| 01/30/2023 | 50 | | NOTICE by Camden County re 44 MOTION to Seal *Withdrawal of Motion to Seal* (Robbins, Richard) (Entered: 01/30/2023) |
| 01/31/2023 | 51 | | MOTION to Withdraw 44 MOTION to Seal by Camden County. Responses due by 2/14/2023. (Attachments: # 1 Text of Proposed Order [Proposed] Order Granting Plaintiff's Motion to Withdraw Motion to Seal)(Robbins, Richard) (Entered: 01/31/2023) |
| 02/03/2023 | | | MOTIONS REFERRED to the Magistrate Judge: 44 MOTION to Seal , 51 MOTION to Withdraw 44 MOTION to Seal , 49 Consent MOTION for Extension of Time to Submit Supplemental Brief *in Support of Plaintiff's Motion to Seal*. (kjm) (Entered: 02/03/2023) |
| 02/03/2023 | 52 | | TEXT ORDER granting 51 Plaintiff's Motion to Withdraw its Motion to Seal and denying as moot 49 Plaintiff's Motion for Extension of Time. The Court directs the Clerk of Court to terminate Plaintiff's motion to seal. Signed by Magistrate Judge Benjamin W. Cheesbro on February 3, 2023. (edd) (Entered: 02/03/2023) |
| 02/06/2023 | 53 | | NOTICE of Filing by Camden County re 52 Text Order (Attachments: # 1 Exhibit Original Complaint filed in the Superior Court of Camden County, # 2 Exhibit A – Option Agreement UCC and County – Initial, # 3 Exhibit B – Option Agreement UCC and County – 1st Amended, # 4 Exhibit C – Option Agreement UCC and County – 2nd Amended, # 5 Exhibit D – Option Agreement UCC and County – 3rd Amended, # 6 Exhibit E – Option Agreement UCC and County – 4th Amended, # 7 Exhibit F – 4/12/2022 Camden County Letter, # 8 Exhibit G – 5/16/2022 UCC Letter, # 9 Exhibit H – 6/8/2022 Camden County Letter, # 10 Exhibit I – 7/7/2022 UCC Letter)(Lake, |

| | | | |
|---|---|---|---|
| | | | Brian) Link added. Modified on 2/7/2023 (thb). (Entered: 02/06/2023) |
| 02/09/2023 | 54 | | NOTICE by Union Carbide Corporation re 18 MOTION to Dismiss (Attachments: # 1 Exhibit)(Bishop, James) (Entered: 02/09/2023) |
| 02/24/2023 | 55 | | RESPONSE to 54 Notice (Other) filed by Union Carbide Corporation filed by Camden County. (Robbins, Richard) Modified on 2/27/2023 to add linkage. (csr) (Entered: 02/24/2023) |
| 03/08/2023 | 56 | | ORDER granting 21 Motion for Judicial Notice by Union Carbide Corporation. The Court takes judicial notice of nine public records. Signed by Judge Lisa G. Wood on 3/8/2023. (gmh) (Entered: 03/08/2023) |
| 04/03/2023 | 57 | | ORDER denying as this time Defendant's 18 Motion to Dismiss. The Court orders Plaintiff to file an amended complaint within fourteen (14) days of the date of this Order. Signed by Judge Lisa G. Wood on 4/3/2023. (ca) (Entered: 04/03/2023) |
| 04/03/2023 | | | Set Deadlines: Amended Pleadings due by 4/17/2023. (ca) (Entered: 04/03/2023) |
| 04/17/2023 | 58 | | AMENDED COMPLAINT against Union Carbide Corporation, filed by Camden County.(Littlefield, Jeremy) (Entered: 04/17/2023) |
| 04/21/2023 | 59 | | MOTION for Leave of Absence as to Camden County for dates of : August 21, 22, 23, 24, 25, 28, 29, 30, 31, 2023 and September 1, 2023 by Camden County. Responses due by 5/5/2023. (Robbins, Richard) (Entered: 04/21/2023) |
| 04/21/2023 | | | MOTIONS REFERRED: 59 MOTION for Leave of Absence as to Camden County for dates of: August 21, 22, 23, 24, 25, 28, 29, 30, 31, 2023 and September 1, 2023. (csr) (Entered: 04/21/2023) |
| 04/24/2023 | 60 | | TEXT ORDER granting 59 Motion for Leave of Absence by Richard Robbins for the dates of August 21, 2023 through and including September 1, 2023. Signed by Magistrate Judge Benjamin W. Cheesbro on April 24, 2023. (edd) (Entered: 04/24/2023) |
| 04/24/2023 | 61 | | Joint MOTION to Stay *Discovery* by Camden County. Responses due by 5/8/2023. (Attachments: # 1 Text of Proposed Order)(Littlefield, Jeremy) (Entered: 04/24/2023) |
| 04/24/2023 | | | MOTIONS REFERRED: 61 Joint MOTION to Stay *Discovery. (csr) (Entered: 04/24/2023)* |
| 04/25/2023 | 62 | | ORDER granting 61 Motion to Stay proceedings in this case, including discovery, until either Defendant files an Answer or until the Court resolves any timely filed motion to dismiss. If Defendant files an Answer, this stay shall lift automatically, and the parties are to submit their Rule 26(f) report no later than May 22, 2023. If Defendant files a motion to dismiss on or before May 1, 2023 this stay shall remain in place pending resolution of the motion to dismiss. Signed by Magistrate Judge Benjamin W. Cheesbro on 4/25/2023. (maa) (Entered: 04/25/2023) |
| 04/27/2023 | 63 | | MOTION to Withdraw as Attorney by Camden County. Responses due by 5/11/2023. (Attachments: # 1 Text of Proposed Order Proposed Order)(Lake, Brian) (Entered: 04/27/2023) |

| 04/28/2023 | 64 | | NOTICE of Filing Deficiency re: 63 MOTION to Withdraw as Attorney. After 14 days a notice of noncompliance will be submitted to a judicial officer for possible sanctions, to include dismissal. Compliance due by 5/12/2023. (csr) (Entered: 04/28/2023) |
| 04/28/2023 | | | MOTIONS REFERRED: 63 MOTION to Withdraw as Attorney. (csr) (Entered: 04/28/2023) |
| 04/28/2023 | 65 | | NOTICE of Filing by Camden County re 63 MOTION to Withdraw as Attorney (Attachments: # 1 Exhibit)(Lake, Brian) (Entered: 04/28/2023) |
| 05/01/2023 | 66 | | TEXT ORDER granting 63 Motion to Withdraw as Attorney by Brian Lake. The Court directs the Clerk of Court to terminate Mr. Lake as counsel for Plaintiff upon the record and docket of this case. Jeremy Littlefield and Richard Robbins shall continue their representation of Plaintiff Camden County. Signed by Magistrate Judge Benjamin W. Cheesbro on May 1, 2023. (edd) (Entered: 05/01/2023) |
| 05/01/2023 | 67 | | MOTION to Dismiss *First Amended Complaint* by Union Carbide Corporation. Responses due by 5/15/2023. (Attachments: # 1 Exhibit 1 – Option Agreement UCC and Camden County, # 2 Exhibit 2 – June 3, 2015 Special Meeting Minutes, # 3 Exhibit 3 – First Amendment to Option Agreement, # 4 Exhibit 4 – Second Amendment to Option Agreement, # 5 Exhibit 5 – Third Amendment to Option Agreement, # 6 Exhibit 6 – Fourth Amendment to Option Agreement, # 7 Exhibit 7 – 4/12/22 Camden County Letter, # 8 Exhibit 8 – 6/8/22 Camden County Letter, # 9 Exhibit 9 – 5/16/22 UCC Letter, # 10 Exhibit 10 – 7/7/22 UCC Letter)(Vreeland, Shannon) (Entered: 05/01/2023) |
| 05/15/2023 | 68 | | RESPONSE in Opposition re 67 MOTION to Dismiss *First Amended Complaint* filed by Camden County. (Littlefield, Jeremy) (Entered: 05/15/2023) |
| 05/15/2023 | 69 | | NOTICE of Intent *to File Reply Brief* by Union Carbide Corporation re 67 MOTION to Dismiss *First Amended Complaint*. (Vreeland, Shannon) (Entered: 05/15/2023) |
| 05/23/2023 | 70 | | Consent MOTION for Extension of Time to File Response/Reply as to 67 MOTION to Dismiss *First Amended Complaint* by Union Carbide Corporation. Responses due by 6/6/2023. (Attachments: # 1 Text of Proposed Order Proposed Order)(Vreeland, Shannon) (Entered: 05/23/2023) |
| 05/23/2023 | | | MOTIONS REFERRED: 70 Consent MOTION for Extension of Time to File Response/Reply as to 67 MOTION to Dismiss *First Amended Complaint. (csr) (Entered: 05/23/2023)* |
| 05/26/2023 | 71 | | TEXT ORDER granting 70 Defendant Union Carbide Corporation's Consent Motion for Extension of Time. Defendant shall file its desired reply to the response to its motion to dismiss on or before June 6, 2023. The Court directs the Clerk of Court to amend this deadline upon the record and docket of this case. Signed by Magistrate Judge Benjamin W. Cheesbro on May 26, 2023. (edd) (Entered: 05/26/2023) |
| 05/26/2023 | | | Set/Reset Deadlines as to 67 MOTION to Dismiss *First Amended Complaint. Replies to the Response due by 6/6/2023. (thb) (Entered: 05/26/2023)* |
| 06/06/2023 | 72 | | REPLY to Response to Motion re 67 MOTION to Dismiss *First Amended Complaint* filed by Union Carbide Corporation. (Vreeland, Shannon) (Entered: |

| | | | |
|---|---|---|---|
| | | | 06/06/2023) |
| 08/15/2023 | 73 | | MOTION for Leave of Absence as to Camden County for dates of : December 14–29, 2023 and January 1 through 3, 2024 by Camden County. Responses due by 8/29/2023. (Littlefield, Jeremy) (Entered: 08/15/2023) |
| 08/15/2023 | | | MOTIONS REFERRED: 73 MOTION for Leave of Absence as to Camden County for dates of: December 14–29, 2023 and January 1 through 3, 2024. (csr) (Entered: 08/15/2023) |
| 08/17/2023 | 74 | | TEXT ORDER granting 73 Motion for Leave of Absence by Jeremy Littlefield for the dates of December 14, 2023 through and including January 3, 2024. Signed by Magistrate Judge Benjamin W. Cheesbro on August 17, 2023. (edd) (Entered: 08/17/2023) |
| 10/12/2023 | 75 | | ORDER granting Defendant Union Carbide Corporation's 67 Motion to Dismiss. The Clerk is directed to close this case. Signed by Judge Lisa G. Wood on 10/12/2023. (jlh) (Entered: 10/12/2023) |
| 10/16/2023 | 76 | | JUDGMENT entered dismissing Plaintiff Camden County's First Amended Complaint. Signed by Judge Lisa G. Wood on 10/16/23. (loh) (Entered: 10/16/2023) |
| 11/09/2023 | 77 | | NOTICE OF APPEAL by Camden County. Filing fee $ 505, receipt number AGASDC–3701175. (Littlefield, Jeremy) (Entered: 11/09/2023) |
| 11/09/2023 | | | Set/Reset Deadlines: Compliance due by 11/23/2023 re Transcript Information Form. (thb) (Entered: 11/09/2023) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | |
|---|---|
| CAMDEN COUNTY, a political subdivision of the State of Georgia, by and through the Camden County Board of Commissioners,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNION CARBIDE CORP.,<br><br>    *Defendant.* | Civil Action No.<br>2:22-CV-00077-LGW-BWC |

## NOTICE OF APPEAL

Notice is hereby given that, pursuant to 28 U.S.C. § 1291, Plaintiff Camden County hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Court's October 12, 2023 Order on Defendant's Motion to Dismiss and subsequent judgment in Defendant's favor entered October 16, 2023. ECF Nos. 75–76.

Respectfully submitted this 9th day of November, 2023.

*/s/ Jeremy U. Littlefield*
Richard L. Robbins   608030
Jeremy U. Littlefield* 141539
ROBBINS ALLOY BELINFANTE
   LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
T: (678) 701-9381
F: (404) 856-3255
E: rrobbins@robbinsfirm.com
   jlittlefield@robbinsfirm.com

*Counsel for Camden County*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.1, I hereby certify that I have this day filed the within and fore-

going **NOTICE OF APPEAL** with the Clerk of Court using the CM/ECF system, which will

automatically send counsel of record e-mail notification of such filing.

This 9th day of November, 2023.

*/s/ Jeremy U. Littlefield*
Jeremy U. Littlefield

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CAMDEN COUNTY,

    Plaintiff,

    v.

UNION CARBIDE CORPORATION,

    Defendant.

2:22-CV-77

## ORDER

Before the Court is Defendant Union Carbide Corporation's motion to dismiss Plaintiff Camden County's first amended complaint. Dkt. No. 67. The motion has been fully briefed and is ripe for review. Dkt. Nos. 67, 68, 72. For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND

This case arises out of an option agreement executed by and between Defendant Union Carbide and Plaintiff Camden County Board of Commissioners (the "Board") on behalf of Camden County (the "County"), for the purchase of a tract of land in Camden County, Georgia (the "Option Agreement"). Dkt. No. 58 at 1-2; Id. ¶¶ 4, 5.

The genesis of the Option Agreement lies in the Board's desire to establish a rocket launch facility for commercial space exploration (the "Spaceport Project"). Id. at 2. On June 3, 2015, the Board passed a resolution (the "Initial Resolution") authorizing the County to enter into the Option Agreement with Defendant Union Carbide. Id. ¶ 4. The Option Agreement provided the County the option to purchase a tract of land located within Camden County, Georgia (the "Property") during a specified option period (the "Option Period") for a set price of four million eight hundred thousand dollars ($4,800,000). Id. ¶ 5. The Option Agreement required Defendant to keep the Property off the market during the Option Period, initially set at two years, and provided the County the exclusive right to purchase the Property during the Option Period. Id. ¶ 5.[1] In return, the County paid Defendant the sum of nine hundred sixty thousand dollars ($960,000) (the "Initial Option Price"). Id. The Option Agreement also entitled

---

[1] The amended complaint alleges the Option Agreement also required Union Carbide to meet "several conditions," "[a]s part of the overall consideration" and "prior to the closing of the purchase of the Property." Dkt. No. 58 ¶ 9. Plaintiff alleges: "Union Carbide was required to make reasonable commercial efforts to (i) subdivide the site to exclude a hazardous waste landfill and groundwater treatment system; (ii) obtain revision of the existing environmental covenant to authorize use of groundwater from the site; and (iii) substantially resolve the concerns raised in a 2015 review letter from the Georgia Department of Natural Resources." Id.

2

the County to use the Option Price as a credit toward its eventual purchase price of the Property. Id. ¶ 7; Dkt. No. 67-2 at 5-6.

Because the County's desired use of the Property was for its Spaceport Project, the County's purchase of the Property was subject to the Federal Aviation Administration's ("FAA") approval of the spaceport. Dkt. No. 58 at 2. The approval process for the Spaceport Project extended beyond the initial Option Period of two years. Id. Ultimately, it took six-and-one-half years for the FAA to issue the final approval necessary for the Spaceport Project to move forward. Id. During this period, the Parties agreed to extend the Option Period three times, and one month after the County obtained the FAA approval, the parties extended the Option Period a fourth time. Id. ¶¶ 5, 6. The Board adopted an additional four resolutions, following the Initial Resolution, authorizing each extension of the Option Period. Id. ¶ 6. After all the extensions, the Option Period expired, without further extension, on April 23, 2022. Id. In sum, the County paid Defendant Union Carbide a total of two million six hundred forty thousand dollars ($2,640,000).[2] Id. ¶ 7.

---

[2] This sum is calculated by adding together the Initial Option Price of nine hundred sixty thousand dollars ($960,000), the first extension period price of nine hundred sixty thousand dollars ($960,000), and the second extension period price of seven hundred twenty thousand dollars ($720,000). Dkt. Nos. 67-2 at 5; 67-3 at 1-2; 67-4 at 2-3. The third and fourth extensions to the Option Agreement did not include an extension price. Dkt. Nos. 67-5 at 1-2; 67-6 at 1-2.

As the County obtained its final approval from the FAA, local opposition to the Spaceport Project grew. On December 14, 2021, two residents of Camden County, joined by 3,850 Camden County voters, filed a petition (the "Petition") in the Probate Court of Camden County pursuant to subparagraph (b)(2) of Article IX, Section II, Paragraph I of the Georgia Constitution (the "County Home Rule Paragraph"). Id. ¶ 11. This Petition sought a special election allowing the voters of Camden County to vote on whether the resolutions authorizing the Option Agreement should be repealed. Id. ¶ 11; Dkt. No. 21-2 at 1 (Petition filed in Camden County Probate Court).[3] The probate court verified the Petition and ordered a special election be held on March 8, 2022 (the "Referendum"), posing the following question: "Shall the resolutions of the Board of Commissioners of Camden County, Georgia authorizing the Options Contract with Union Carbide Corporations and Camden County's right and option to purchase the property described therein be repealed." Dkt. No. 58 ¶ 12.

---

[3] The amended complaint alleges that "two residents of Camden County" filed the Petition. Dkt. No. 58 ¶ 11. However, in conjunction with its motion for judicial notice, Defendant attached the Petition, which provides the exact number of electors who supported the Petition. The Court can take judicial notice of the Petition, as well as the other documents of which Defendant asks the Court to take judicial notice, but "not the veracity of their contents." Navarro v. City of Riviera Beach, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016); see also Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., 559 F. Supp. 3d 1345, 1364 (S.D. Ga. 2021) (taking judicial notice of prior filings in superior court).

In response, the County filed a petition for a writ of prohibition and for other relief in the Superior Court of Camden County, arguing the probate court exceeded its jurisdiction because the Georgia Constitution's County Home Rule Paragraph does not authorize referendum elections repealing resolutions of a county's board of commissioners. Id. ¶ 13. On March 4, 2022, the superior court denied the County's requests and allowed the Referendum to proceed. Id. ¶ 14. On March 8, 2022, the Referendum "passed by a vote of 4,169 votes in favor to 1,614 votes opposed with less than 17% of registered voters participating." Id. ¶ 15. That same day, the County appealed the superior court's decision, and sought an emergency stay of the certification process. Id. ¶ 16. The Georgia Court of Appeals transferred the appeal to the Supreme Court of Georgia. Id. Two days later, the Supreme Court of Georgia denied the County's emergency motion and the probate court certified the Referendum results. Id. ¶ 17. The County ultimately lost its appeal. Id. ¶ 26.

After the Referendum passed, and while the appeal was still pending, Camden County "sought Union Carbide's cooperation to ensure that its contractual rights and taxpayer money were protected while the Referendum's legality was addressed by the Georgia Supreme Court." Id. ¶ 18. As alleged in the amended complaint, "[t]hrough multiple correspondence . . . it became apparent that Union Carbide intended to repudiate the [Option]

Agreement and at the same time pocket the payments made by Camden County." Id. ¶ 19.  On April 12, 2022, while the appeal was pending and the parties were still within the fourth-extended Option Period, the County sent Union Carbide a letter seeking to exercise its right under the Option Agreement to purchase the Property, triggering certain pre-closing obligations on Defendant's part, including subdividing the property "and other operational and compliance measures." Id. ¶ 19; Dkt. No. 53-1 ¶¶ 41, 42; Dkt. No. 53-7 at 2.  Accordingly, the Option Agreement required the deadline for closing to occur on July 11, 2022.  Dkt. No. 53-1 ¶ 43; see also Dkt. No. 53-2 at 6.

Defendant Union Carbide responded on May 16, 2022, by "disavow[ing] the existence of any obligations to close or conduct any pre-Closing measures, claiming that the Referendum's passage 'repudiated the [] Agreement' and thus 'there is no longer an Option for the County to exercise.'"  Dkt. No. 53-1 ¶¶ 44, 45.  In a response sent on June 8, 2022, the County reiterated its execution of the Option, explained that "no referendum was necessary to consummate the purchase of the Property in the first place," and put Defendant on notice that its May 16, 2022 letter "represented a default under Section (11)(B) of the Agreement, and allowed [Defendant] thirty (30) days to cure." Id. ¶¶ 46, 47.  In Defendant Union Carbide's final letter in response, it reiterated its position that the letter did not constitute a default because

6

"the Referendum constituted a repudiation of the [Option] Agreement" and, thus, relieved Defendant of its obligations. Id. ¶ 49.

Plaintiff filed the present suit in the Superior Court of Camden County on July 27, 2022, alleging breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. See generally id. On August 19, 2022, Defendant removed the case to this Court, dkt. no. 1 at 1, and filed a motion to dismiss, dkt. no. 18.

During the pendency of Defendant's motion to dismiss, dkt. no. 18, the Georgia Supreme Court issued its decision on the County's appeal as to whether the County Home Rule Paragraph allowed for the Referendum that repealed the Resolutions authorizing the Option Agreement. Dkt. No. 58 ¶ 23. The Georgia Supreme Court held, in relevant part, that the County Home Rule Paragraph "authorized the County's electorate to petition for the repeal of the Resolutions." Camden Cnty. v. Sweatt, 883 S.E.2d 827, 838 (Ga. 2023).

In light of the Georgia Supreme Court's decision, Plaintiff conceded its claims for breach of contract (Counts I and II) and breach of implied covenant of good faith and fair dealing (Count III). Dkt. No. 55 at 1-2. Accordingly, the Court denied Defendant's original motion to dismiss, dkt. no. 18, and directed Plaintiff to file an amended complaint. Dkt. No. 57 at 2.

7

In the amended complaint, the County seeks recovery of "$2,640,000 in public funds as money had and received without authorization and/or that has unjustly enriched Union Carbide," as well as attorney's fees and expenses. Dkt. No. 58 at 17. Defendant now moves to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Dkt. No. 67. Defendant argues, among other things, that the Option Agreement was a valid, legal contract, id. at 9, and that Georgia's doctrine of voluntary payments bars any recovery by the County, id. at 14.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable

8

inference that the defendant is liable for the misconduct alleged." Id.

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)).

While the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint.

9

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Lastly, exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment. *Taylor v. Appleton*, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

## DISCUSSION

### I. Plaintiff's Claims for Unjust Enrichment and Money Had and Received

#### A. These Claims Fail when there is a Legal Contract.

"[A] claim of unjust enrichment will lie only if there is no legal contract." *Cook Pecan Co., Inc. v. McDaniel*, 786 S.E.2d 852, 856 (Ga. Ct. App. 2016) (citations omitted). A claim for unjust enrichment exists when there is no legal contract, but "the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." *Owens v. Larry*

10

Franklin Props., Inc., 870 S.E.2d 218, 222–23 (Ga. Ct. App. 2022) (internal quotation marks omitted) (quoting Engram v. Engram, 463 S.E.2d 12, 15 (Ga. 1995)).  There can be no recovery on an unjust enrichment claim where the claim is based on an express contract. Id.

Similar to an unjust enrichment claim, a claim for money had and received exists only where there is no legal contract governing the issue.  Fernandez v. WebSingularity, Inc., 681 S.E.2d 717, 721 (Ga. Ct. App. 2009).  Where there is no legal contract, a claim for money had and received lies "in the retention by the defendant of money of the plaintiff which, in equity and good conscience, he has no right to retain."  Manry v. Williams Mfg. Co., 166 S.E. 222, 223 (Ga. Ct. App. 1932) (citations omitted).  The specific elements of a money had and received claim are: (1) "a person has received money of the other that in equity and good [conscience] he should not be permitted to keep"; (2) "demand for repayment has been made"; and (3) "the demand was refused."  McGonigal v. McGonigal, 669 S.E.2d 446, 448 (Ga. Ct. App. 2008) (internal quotation mark omitted) (quoting Taylor v. Powertel, Inc., 551 S.E.2d 765, 770 (Ga. Ct. App. 2001)).  "[A] party may not resort to the theory of money had and received to alter the terms of his contract."  Id. at 447.  Where a plaintiff attempts "to avoid the terms of a contract," there can be no claim for money had and received.  Id. at 448.

11

**B. The Option Agreement Constituted a Legal Option Contract.**

At bottom, Plaintiff's claims for unjust enrichment and money had and received survive only if there was no legal contract between Plaintiff and Defendant Union Carbide.  Cook Pecan, 786 S.E.2d at 856; Fernandez, 681 S.E.2d at 721.  The only contract in dispute is the Option Agreement, comprised of the original option contract from 2015 and the four extensions.  Dkt. No. 58, 67, 68. This Option Agreement constituted a legal option contract.

To constitute a legal contract, Georgia law requires: (1) parties able to contract; (2) consideration moving to the contract; (3) assent from the parties as to the terms of the contract; and (4) a subject matter upon which the contract can operate.[4]  O.C.G.A. § 13-3-1.  These same requirements apply to an option contract. Jakel v. Fountainhead Dev. Corp., 534 S.E.2d 199, 201 (Ga. Ct. App. 2000).  Additionally, option contracts "must state the essential elements or provide a 'key' or 'practical mode' within the contract through which a definite price may be determined." Ins. Indus. Consultants v. Essex Inv., 549 S.E.2d 788, 792 (Ga.

---

[4] Under Georgia's common law, the terms "contract" and "agreement" are synonymous.  State of Ga. v. Fed. Defender Program, Inc., 882 S.E.2d 257, 280 n.16 (Ga. 2022) (citations omitted).  "There is no difference between a 'contract' and an 'agreement.'"  Id. (quoting Douglass v. W.L. Williams Art Co., 85 S.E. 993, 993 (Ga. 1915)). As applied to this case, it is no barrier to valid contract formation whether the parties labeled the Option Agreement an "agreement" or a "contract."

12

Ct. App. 2001) (citing <u>Wiley v. Tom Howell & Assoc.</u>, 267 S.E.2d 816, 818 (Ga. Ct. App. 1980)).

There is no dispute that the Option Agreement satisfied the four requirements of O.C.G.A. § 13-3-1 at the time it was executed in 2015 and at the time of the four extensions. Dkt. No. 58, 67, 68. First, it is undisputed that the parties were able to contract. <u>Id.</u> Second, each component of the Option Agreement was supported by valuable consideration: the initial contract included a nine hundred sixty thousand dollar ($960,000) payment from the County to Defendant Union Carbide, dkt. no. 67-2 at 5, and the extensions of the Option Agreement included one million six hundred eighty thousand dollars ($1,680,000) in additional payments from the County, dkt. no. 67 at 4-5. Third, it is undisputed that the parties assented to the terms of the contract. Dkt. Nos. 58, 67, 68. Fourth, it is undisputed that the Option Agreement contained a subject matter upon which the contract could operate. <u>Id.</u> Additionally, the Option Agreement provided a definite price in writing of four million eight hundred thousand dollars ($4,800,000) for the purchase of the Property. Dkt. No. 67-2 at 6.

The Option Agreement also fits within the traditional scheme of a legal option contract under Georgia law. "An option is a contract by which the owner of property agrees with another that the latter shall have the right to buy the owner's property at a

13

fixed price, within a certain time, and on agreed terms and
conditions." Mattox v. West, 21 S.E.2d 428, 431 (Ga. 1942)
(citations omitted). The benefit conferred to the holder of an
option is "the right to buy the described property at a fixed price
within a certain time specified." Kent v. Graham Com. Realty,
Inc., 631 S.E.2d 753, 757 (Ga. Ct. App. 2006) (internal quotation
marks omitted). An option contract binds the offeror, but the
holder of the option retains the discretion whether to exercise
the option. Pargar, LLC v. CP Summit Retail, LLC, 730 S.E.2d 136,
139 (Ga. Ct. App. 2012) (citing Jakel, 534 S.E.2d at 201).

Under the terms of the Option Agreement, Defendant Union
Carbide agreed that the County would have the right to buy the
Property at a fixed price, within a certain time, and on agreed
terms and conditions. Dkt. No. 67. The written contract between
the two parties specified each of these elements. Dkt. No. 67-2.
The Option Agreement conferred upon Plaintiff the right to buy the
Property at the fixed price of four million eight hundred thousand
dollars ($4,800,000) and within the specified two-year period.
Dkt. No. 67 at 3. While Plaintiff and Union Carbide contracted to
extend the Option Period in exchange for additional payment from
Plaintiff, id. at 4–5, this comports with Georgia precedent.
Mattox, 21 S.E.2d at 431.

The County does not allege that the Option Agreement failed
to satisfy the legal requirements of an option contract. Dkt. No.

14

68 at 4–5.  Instead, the County argues that the Option Agreement
was retroactively invalidated by the Referendum, "rendering it
void *ab initio*."  Id. at 23.  This argument fails.

### C. **The Referendum did not Retroactively Invalidate the Option Agreement.**

The County alleges that there was no legal option contract
because the Board entered into the Option Agreement illegally and
without authorization.  Id. at 11–12.  In support of this position,
the County argues that the Referendum "impair[ed] the legality of
the Option Contract by repealing its underlying authorization
since inception."  Id. at 23.  The 2022 Referendum, according to
the County, retroactively divested the Board of its authority to
enter into the 2015 option contract and four extensions.  Id.  In
support of this argument, the County cites Burke v. Wheeler County,
187 S.E. 246 (Ga. Ct. App. 1936), and Howard v. Brantley County,
579 S.E.2d 758 (Ga. Ct. App. 2003).

"Where public funds are illegally paid out by county officials
or by some agency of the county, it is proper for the county to
bring a suit for the recovery of the same."  Burke, 187 S.E. at
269.  Therefore, if the Board, acting on behalf of the County,
exceeded its authority in entering the contract, the County is
entitled to recover the funds that were illegally paid.  Howard,
579 S.E.2d at 760.  Plaintiff's reliance on Burke and Howard,
however, is misplaced.

15

In _Burke_, Wheeler County contracted with an accountant to audit the books of the county tax collector. 187 S.E. at 247. The contract provided that one-half of the accountant's fee would be paid by the county and the other one-half would be paid by the Wheeler County Board of Education. _Id._ The accountant eventually sued the county for the payments owed under the contract. _Id._ The county argued that the contract with the accountant was illegal. _Id._ The Georgia Court of Appeals found that the county board of education lacked the authority to enter into the contract with the accountant. _Id._ at 249. This rendered any payments made by the board of education to the accountant illegal. _Id._ Because public funds were illegally paid out by the board of education, the county was entitled to bring suit to recover those funds. _Id._

In _Howard_, Brantley County paid over one hundred ninety thousand dollars ($190,000) for paint striping of county roads and awarded the contract without a competitive bidding process. 579 S.E.2d at 759. These payments violated a provision in the Georgia Code which barred the county from negotiating contracts in excess of twenty thousand dollars ($20,000) and required a competitive bidding process. _Id._ at 760. As a result, the county could bring suit to recover the illegally paid funds. _Id._

The theory of recovery allowed in _Burke_ and _Howard_ does not apply to this case. Here, the Board legally entered into the Option Agreement with Defendant Union Carbide. As the Georgia

16

Supreme Court explained, Article IX, Section II, Paragraph I(a) of the Georgia Constitution "authorized the Board to pass the Resolutions approving the Option Agreement and its extensions, which relate to property and the affairs of the county." Camden Cnty., 883 S.E.2d at 836.

Georgia's Constitution grants home rule to counties. Krieger v. Walton Cnty. Bd. of Comm'rs, 506 S.E.2d 366, 367 (Ga. 1998). Specifically, the Georgia Constitution grants the governing authority of each county "legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for which no provision has been made by general law and which is not inconsistent with this Constitution or any local law applicable thereto." GA. CONST. art. IX, § 2, para. I(a). These local laws "shall remain in force and effect until amended or repealed as provided in subparagraph (b)" of the County Home Rule Paragraph. Id.

One of the legislative powers granted to Georgia counties is the authority to purchase real property. O.C.G.A. § 36-60-13(a); see also Old Peachtree Partners, LLC v. Gwinnett Cnty., 726 S.E.2d 437, 442 (Ga. Ct. App. 2012) (explaining that counties are authorized to purchase real property under O.C.G.A. § 36-60-13(a)). In executing the Option Agreement, the Board acted within its authority. The Board adopted a series of reasonable resolutions related to purchasing property and the affairs of the

17

County.  These actions fit squarely within Article IX, Section II, Paragraph I(a) of the Georgia Constitution and O.C.G.A. § 36-60-13(a).

Since the Board did not exceed its legislative authority, the payments made under the Option Agreement were not paid out illegally as in Burke and Howard.  In those cases, *existing law barred* the actions taken by the counties.  Burke, 187 S.E. at 249; Howard, 579 S.E.2d at 760.  In this case, *existing law permitted* the actions taken by the Board.

The Board's actions are also not retroactively made illegal because of the Referendum.  The County Home Rule Paragraph "grants repeal and amendment powers to the electorate for 'ordinances, resolutions, or regulations adopted pursuant to subparagraph (a).'" GA. CONST. art. IX, § 2, para. I(b)(2).  If a county governing authority adopts an ordinance, resolution, or regulation pursuant to its legislative powers under Article IX, Section II, Paragraph I(a) of the Georgia Constitution, the county's electorate is empowered to repeal or amend the same. Camden Cnty., 883 S.E.2d at 837.  Regardless of whether the county governing authority or the county's voters make the decision to repeal or amend the local act, the Georgia Constitution views the decision to repeal or amend as the action of the county itself.  GA. CONST. art. IX, § 2, para. I(b).

18

The County Home Rule Paragraph "authorized the County's electorate to petition for the repeal of the Resolutions." Camden Cnty., 883 S.E.2d at 838. The 2022 Referendum constituted a repealing act. However, "a repealing act will not be given a retroactive operation, so as to divest previously acquired rights, or to impair the obligation of a contract lawfully made by virtue of and pending the existence of the law repealed." Bank of Norman Park v. Colquitt Cnty., 150 S.E. 841, 842 (Ga. 1929) (citations omitted). "Laws prescribe only for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective operation." O.C.G.A. § 1-3-5. "No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed." GA. CONST. art. I, § 1, para. X; see also U.S. CONST. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . .").

"[L]aws in existence at the time a contract is executed are part of that contract." Busbee v. Ga. Conf., Am. Ass'n of Univ. Professors, 221 S.E.2d 437, 443 (Ga. 1975) (citing McKie v. McKie, 100 S.E.2d 580 (Ga. 1957)). The Georgia Supreme Court applied this principle in Busbee, which involved a contractual dispute between the state and faculty members at institutions of the University System of Georgia. Id. at 438. In 1975, the Georgia General Assembly enacted an appropriations act that included

19

salary increases for university faculty.  Id. at 439.  After the
Board of Regents executed contracts with these faculty members,
the General Assembly amended the appropriations act by repealing
the salary increase provision.  Id.  As a result of the repeal,
the Board of Regents refused to pay out the salary increases for
the faculty members.  Id.  The state supreme court found that the
original salary increase provision of the appropriations act,
although repealed, remained a part of the contracts between the
state and the faculty members.  Id. at 443-44.  Further, the court
explained that the repeal of the salary increase provision could
not be given a retroactive effect to impair contractual obligations
"'lawfully made by virtue of and pending the existence of the law
repealed.'"  Id. at 444 (quoting Bank of Norman Park, 150 S.E. at
842).  Thus, the original contracts containing the salary increases
remained valid and in effect.  Id.

As in Busbee, retroactively applying the repeal of the
County's authorizing resolutions would impair the contractual
obligations of the Option Agreement that were lawfully made
pursuant to existing law.  Under the Option Agreement, Defendant
Union Carbide contractually obligated itself to keep the Property
off the market for the Option Period. Dkt. No. 67-2.  In exchange,
the County contractually obligated itself to pay the Option Price
totaling two million six hundred forty thousand dollars
($2,640,000).  Id.  The Referendum's repeal of the resolutions

20

cannot impair the obligations under the Option Agreement. U.S. CONST. art. I, § 10, cl. 1; GA. CONST. art. I, § 1, para. X; O.C.G.A. § 1-3-5. The resolutions in effect at the time the Option Agreement was executed must remain a part of the contract. Busbee, 221 S.E.2d at 443.

While the Referendum stripped the County of its authority to proceed forward with the Option Contract, it did not retroactively strip the County of its authority to enter into the Option Agreement in the first place. The 2022 repeal of the authorizing resolutions cannot reach back in time to invalidate the otherwise lawful actions of the Board. Applying a law "to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence . . . is retroactive in character" and prohibited. Ross v. Lettice, 68 S.E. 734, 735 (Ga. 1910). The repeal brought about by the Referendum must be construed to have operation on future transactions only. O.C.G.A. § 1-3-5; see also Maynard v. Marshall, 18 S.E. 403, 404 (Ga. 1893) ("It is also a general rule applicable to amending statutes, that they are to be construed as intended to have operation on future transactions only."). The Referendum affected any future transactions between the County and Union Carbide by repealing the resolutions that authorized the Option Agreement. Once finalized, the Referendum prohibited the Board

21

from exercising the option under the contract. The Referendum did not, however, "impair the legality of the Option Contract by repealing its underlying authorization since inception." Dkt. No. 68 at 23.

Because the Board did not exceed its authority in entering the Option Agreement, and the Referendum did not retroactively prevent the County from executing the contract, the Option Agreement is a legal contract. Therefore, the County's claims for unjust enrichment and for money had and received fail. Cook Pecan, 786 S.E.2d at 856; Fernandez, 681 S.E.2d at 721. While the Court does not base its decision on equitable considerations, the outcome nevertheless comports with these considerations. In exchange for payment, Defendant Union Carbide held up its end of the bargain by keeping the Property off the market for multiple years. Accordingly, Union Carbide's motion to dismiss, dkt. no. 67, is **GRANTED** as to those claims.

### D. The Doctrine of Voluntary Payments Applies.

Furthermore, Defendant Union Carbide argues that the doctrine of voluntary payments bars any recovery by the County. Dkt. No. 67 at 14. The doctrine of voluntary payments provides:

> Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or

22

property from detention or to prevent an immediate
seizure of person or property.

O.C.G.A. § 13-1-13.  The doctrine bars recovery of a payment when
three conditions are met: (1) "the payment must have been made
through ignorance of the law or where all the facts are known";
(2) "the payment must not have been induced by misplaced
confidence, artifice, deception, or fraudulent practice on the
part of the person to whom the money is paid"; and (3) "the payment
must not have been made under an urgent necessity or for the other
reasons specified in the statute." Cotton v. Med-Cor Health Info.
Sols., 472 S.E.2d 92, 95-96 (Ga. Ct. App. 1996) (citations
omitted).

        The County, as the party seeking to recover payments, bears
the burden of showing that the doctrine of voluntary payments does
not apply.  Montgomery Cnty. v. Sharpe, 582 S.E.2d 545, 547 (Ga.
Ct. App. 2003).  The County argues that the doctrine does not apply
because it is "not seeking to undo a payment made to Union Carbide
on grounds that it was paid by mistake or due to misunderstanding
. . . ."  Dkt. No. 68 at 20.  Given this statement, all three
factors laid out in Cotton are satisfied.  The County acknowledges
that it did not make the payments to Union Carbide based upon a
misunderstanding.  Id.  The County does not allege that it was
induced by misplaced confidence, artifice, deception, or
fraudulent practice by Union Carbide.  See generally Dkt. No. 68.
Finally, the County does not allege that any payment was made under

                                    23

an urgent necessity and does not argue that any other provision of O.C.G.A. § 13-1-13 applies.  Id.

The voluntary payments doctrine does not preclude recovery when a county attempts to recover funds that were paid pursuant to an illegal or void contract.  Montgomery Cnty., 582 S.E.2d at 547. The County argues: "Because this case, unlike Montgomery, does involve the County's attempt to recover payments to Union Carbide pursuant to a void contract, Burke is controlling."  Dkt. No. 68 at 21.  This case, however, is in a posture similar to Montgomery County.

In Montgomery County, the county sued to recover payments made to the county tax commissioner.  582 S.E.2d at 546.  In that case, similar to the County's argument in this case, the plaintiff county argued that the payments were made illegally and, therefore, the voluntary payments doctrine did not apply.  Id. at 548.  The Georgia Court of Appeals rejected this argument, finding that the payments were legal and that the doctrine of voluntary payments barred a recovery by the county.  Id.  The same rationale applies here.  The Option Agreement constituted a legal option contract under Georgia law.  The payments made under the Option Agreement from the County to Defendant Union Carbide were made legally.

The County has identified no reason why the doctrine of voluntary payments does not bar recover under O.C.G.A. § 13-1-13. The three conditions that allow the doctrine to bar recovery under

24

<u>Cotton</u> have been satisfied.  Any recovery of payments by the County is thus barred.

**II.  Plaintiff's Claim for Attorney's Fees.**

In Count II of the amended complaint, the County makes a claim for attorney's fees pursuant to O.C.G.A. § 13-6-11.  Dkt. No. 58 ¶¶ 44-47.  "[A] claim for attorney fees under O.C.G.A. § 13-6-11 is a derivative claim."  <u>Kammerer Real Estate Holdings v. Forsyth Cnty. Bd. Of Comm'rs.</u>, 806 S.E.2d 561, 564 (Ga. 2017).  When a plaintiff cannot succeed on an underlying substantive claim, the claim for attorney's fees must be dismissed.  <u>Id.</u>; <u>New Star Realty, Inc. v. Jungang PRI USA, LLC</u>, 816 S.E.2d 501, 513-14 (Ga. Ct. App. 2018).  Here, as the County's substantive claims fail, so too does its claim for attorney's fees.

CONCLUSION

For these reasons, Union Carbide's motion to dismiss, dkt. no. 67, is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 12th day of October, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 450 (GAS Rev 09/20) Judgment in a Civil Case

# United States District Court
## *Southern District of Georgia*

CAMDEN COUNTY,

  Plaintiff,

JUDGMENT IN A CIVIL CASE

v.

CASE NUMBER: 2:22-cv-077

UNION CARBIDE CORPORATION,

  Defendant.

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that, in accordance with the Order entered October 12, 2023, Defendant Union Carbide Corporation's motion to dismiss Plaintiff Camden County's first amended complaint is granted. This case stands closed.

Approved by: _____
  HON. LISA GODBEY WOOD, JUDGE
  UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF GEORGIA

*October 16, 2023*
*Date*

John E. Triplett, Clerk of Court
*Clerk*

_____
*(By) Deputy Clerk*

GAS Rev 10/2020

39